**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37215/37216**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 593** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 13, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STEPHANIE MARIE COLLINS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order revoking probation and requiring execution of concurrent unified sentences of eleven years with three and one-half years determinate for grand theft, ten years with two years determinate on one count of forgery, and eleven years with three years determinate on second count of forgery, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Stephanie Marie Collins pled guilty to grand theft in Docket No. 37215, Idaho Code §§ 18-2403(4), 18-507(1).  In Docket No. 37216 Collins pled guilty to two counts of forgery, I.C. § 18-3601.  These cases were consolidated for purposes of sentencing.  The district court imposed concurrent unified sentences of twelve years with four years determinate on the grand theft charge, ten years with two years determinate on one count of forgery and eleven years with three years determinate on the second count of forgery.  The district court retained jurisdiction and ordered Collins to pay restitution to her victims.  Following a period of retained jurisdiction, the district court suspended the sentences and placed Collins on probation for a period of ten years.

1

Subsequently, Collins admitted to violating several terms of her probation and the district court ordered her to serve ninety days in jail, but reinstated her probation. Collins again admitted to violating several terms of her probation and the district court consequently revoked probation and ordered execution of her sentences, but sua sponte reduced the grand theft sentence to eleven years with three and one-half years determinate. Collins appeals, asserting that the district court abused its discretion in revoking probation and executing the underlying sentences.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the record before the district court, included in the record on appeal, encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence

was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Collins' sentences. Therefore, the order revoking probation and directing execution of Collins' previously suspended and modified sentences is affirmed.