**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38393**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 438 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 10, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FARGO AUGUSTUS KESEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Orders revoking probation and relinquishing jurisdiction requiring execution of unified ten-year sentence with one and one-half year determinate term for felony driving under the influence of alcohol, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Fargo Augustus Kesey pled guilty to felony driving under the influence of alcohol. Idaho Code § 18-8004, 18-8005(5). The district court entered an order withholding judgment and placing Kesey on supervised probation for a period of five years. Subsequently, Kesey admitted to violating the terms of his probation, and the district court consequently revoked probation and the withheld judgment and imposed a unified sentence of ten years with two years determinate, but retained jurisdiction. Following the period of retained jurisdiction the district court relinquished jurisdiction and ordered executed a reduced unified sentence of ten years with

1

one and one-half years determinate. Kesey appeals, asserting that the district court abused its discretion by revoking probation and relinquishing jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Kesey has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Therefore, the orders revoking probation and relinquishing jurisdiction and directing execution of Kesey's reduced sentence are affirmed.