# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 42322/42323

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 501 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PAUL JOSEPH DRAINE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order revoking probation and requiring execution of a unified nine-year sentence with two-year determinate term for domestic violence, affirmed; order revoking probation and requiring execution of concurrent unified sentences of five years with one year determinate, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In Docket No. 42323, Paul Joseph Draine pled guilty to domestic violence. Idaho Code §§ 18-903(a), 18-918(2). The district court imposed a unified sentence of nine years with two years determinate, suspended the sentence, and placed Draine on retained jurisdiction.

In Docket No. 42322, while still participating in the retained jurisdiction program, Draine was charged with and pled guilty to abuse, exploitation or neglect of a vulnerable adult (I.C. § 18-1505(1)), and provider fraud (I.C. § 56-227A). The district court imposed concurrent unified sentences of five years with one year determinate, but suspended the sentences and

1

placed Draine on probation for five years. The district court also suspended Draine's sentence in Docket No. 42323 and placed him on probation for ten years.

Subsequently, Draine admitted to violating the terms of his probation, and the district court consequently revoked probation and ordered execution of the sentences in both cases. Draine appeals, contending that the district court abused its discretion by revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion by revoking probation. Therefore, the orders revoking probation and directing execution of Draine's previously suspended sentences are affirmed.