# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 42494/42495

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 648 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TODD JAMES LAVEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Orders revoking probation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 42494, Todd James Laven was charged with possession of forged stolen notes, bank bills, or checks in violation of Idaho Code § 18-3605. While the case was pending, Laven incurred charges in Docket No. 42495 for possession of methamphetamine, I.C. § 37-2732(c), and possession of a controlled substance with intent to deliver, I.C. § 37-2732(a). In exchange for his guilty pleas, additional charges were dismissed including an allegation that he was a persistent violator. At the consolidated sentencing hearing, the district court imposed a unified sentence of seven years with two years determinate in Docket No. 42494 and retained jurisdiction. In Docket No. 42495, the district court imposed a unified sentence of seven years with two years determinate for possession of methamphetamine, and a unified sentence of five

1

years with two years determinate for possession of a controlled substance with the intent to deliver. The district court ordered the sentences to run concurrently with each other and concurrent to the sentence imposed in Docket No. 42494 and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentences and placed Laven on probation. Subsequently, Laven admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Laven appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Laven's sentences without modification. Therefore, the orders revoking probation and directing execution of Laven's previously suspended sentences are affirmed.