834 P.2d 326

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Wayne BECKETT,
Defendant–Appellant.**

No. 19585.

Court of Appeals of Idaho.

July 8, 1992.

Alan E. Trimming, Ada County Public Defender; Mark F. Stewart, Deputy Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Jane M. Newby, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

David Wayne Beckett appeals from the orders revoking his probation and reinstating the balance of the sentence imposed on his conviction for lewd conduct with a minor under sixteen. I.C. § 18–1508. The sole issue raised on appeal is whether the court abused its discretion in revoking probation, which is the only setting where Beckett claims he can obtain the professional help he needs to address his pedophilia. For the reasons expressed below, we affirm.

Following Beckett's change of plea to guilty on the charge of lewd conduct with a minor under sixteen, the district court requested the preparation of a presentence report to aid in sentencing. On March 6, 1990, the district judge sentenced Beckett to an aggregate term of ten years, with a minimum period of confinement of three years. After retaining jurisdiction for 180 days, the judge released Beckett on probation for ten years and suspended his sentence on a recommendation from the jurisdictional review committee that was given "with some reluctance." As part of the conditions of probation, Beckett was precluded from associating with any juvenile unless accompanied by a responsible adult

approved by his probation officer and therapist.

Approximately five months into the probation, Beckett solicited the help of a fourteen-year old boy for what he called a "physical education project." Beckett, who was doing some carpentry work in the home of the boy's family, asked the boy to pose nude for pictures while he and the boy were alone in the house. The disclosure of this information led to a warrant for a probation violation, which was filed in May, 1991. On September 16, 1991, after a hearing, the district court revoked Beckett's probationary status and ordered him to serve his sentence. This appeal followed.

■■■ Idaho Code § 20–222 prescribes that revocation of probation is within the discretion of the court and may occur at any time during the probation, if the probationer violates any of the terms of the probation. In making its decision, the court examines whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App.1988). The court may, after a probation violation has been proven, order the suspended sentence to be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct.App.1989). On review, the appellate court must determine whether the district court acted within the boundaries of its discretion, consistent with any legal standards applicable to its specific choices, and whether the district court reached its decision by an exercise of reason. *State v. Hass, supra.*

■■ Beckett asserts that it was error for the district court to order the suspended sentence to be executed. He argues that the district judge considered foremost the protection of society, which motivated the judge to reinstate the sentence, over the defendant's need for treatment. He also argues that treatment leading to rehabilitation is not available in prison in Idaho; therefore, the district judge should have imposed jail time for the probation violation, then continued probation in order for

him to pursue other rehabilitative treatment.

We have reviewed the reports from the retained jurisdiction period indicating that Beckett participated in the sexual offender program, where he admitted his crime and received counseling. Upon his release from NICI, he became involved in group therapy at a halfway house in Lewiston, Idaho, but he was dissatisfied with the slow progress the group was making and was very vocal in trying to get more one-on-one counseling. One of the requirements of the counseling program was that each participant reveal every contact with a child that had taken place since the last session; however, Beckett never disclosed any contact with the victim in this case. In spite of his reported progress, he committed the same type of offense, which dramatically increases the risk of reoffense.

Beckett's history, as detailed in the presentence reports, consists of a 1988 conviction for lewd and lascivious acts with a child under fourteen in California. For that offense, Beckett eventually obtained probation. A probation violation was filed against him in lieu of a new prosecution in California in June, 1989, which resulted in a sentence of additional jail time, but no loss of probationary status. In September, 1989, Beckett committed the offense of lewd conduct with a minor in Idaho, which also resulted in probation. Less than one year into this probation, Beckett violated by attempted sexual abuse of a minor.

The district court accepted the conclusions of Beckett's social worker that he was a danger to the community. The district judge acknowledged that Beckett needed treatment and that, unfortunately for him, rehabilitation in the form of sex offender therapy was not available in custody. Having given Beckett the opportunity to benefit from probation, which Beckett was unable to comply with, the district judge resorted to ordering him to serve the balance of his original minimum three-year fixed sentence, to be followed by an indeterminate term of seven years. We hold that the district judge's ruling was consistent with the often cited primary sentencing

326

goal of protection of society. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982).

We conclude that the district judge had sufficient information to decide that probation in Beckett's case was not working and that continued probationary status would endanger the public, particularly young boys. Beckett has made no claim that his original sentence was excessive, and he did not request a reduction of the sentence as part of his case in the revocation proceedings. We hold that the district judge appropriately exercised his discretion in ordering Beckett to serve his sentence upon revocation of probation. We decline to substitute our view for that of the district judge in discretionary sentencing matters. *See id.*

The order revoking probation and the order executing the unified sentence of ten years, with a minimum term of confinement of three years, are affirmed.

WALTERS, C.J., and SILAK, J., concur.