**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36869**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 495 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 4, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| COLT JAMES PETERSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Order revoking probation and requiring execution of unified nine-year sentence with three-year determinate term for felony injury to a child, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GRATTON, Judge
and MELANSON, Judge

_____

PER CURIAM

Colt James Peterson was convicted of felony injury to a child, Idaho Code § 18-1501(1). The district court imposed a unified ten-year sentence with a four-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Peterson on supervised probation. Subsequently, Peterson admitted to violating several terms of the probation. The district court continued Peterson on supervised probation with the condition that he serve 120 days in the Bannock County jail. Peterson again admitted to violating his probation and the district court consequently revoked probation and ordered execution of the original sentence. Peterson filed an Idaho Criminal Rule 35 motion for reduction of his sentence and the district

court reduced his sentence to a unified nine years with three years determinate. Peterson appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is (1) achieving the goal of rehabilitation and (2) consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Applying the foregoing standards and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and refusing to further reduce Peterson's sentence. Therefore, the order revoking probation and directing execution of Peterson's reduced sentence without further modification is affirmed.