# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37347

| | |
|---|---|
| STATE OF IDAHO, | 2010 Unpublished Opinion No. 637 |
| Plaintiff-Respondent, | Filed: September 9, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| ANTONIO VAQUERA, | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with two-year determinate term for forgery, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Antonio Vaquera pled guilty to forgery.  Idaho Code § 18-3601.  The district court imposed a unified seven-year sentence with a two-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Vaquera on supervised probation. Subsequently, Vaquera admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence.  Vaquera appeals contending that the district court abused its discretion by revoking his probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App.

1

1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Vaquera's original sentence.  Therefore, the order revoking probation and directing execution of Vaquera's previously suspended sentence is affirmed.