IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38095

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 389 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TONY GREG CHAVEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County.  Hon. Gregory S. Anderson, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with one-year determinate term for possession of methamphetamine, <u>affirmed</u>.

Jason R. Rammell, Rexburg, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Tony Greg Chavez pled guilty to possession of methamphetamine.  I.C. § 37-2732(c)(1). The district court imposed a unified five-year sentence with a one-year determinate term, suspended the sentence and placed Chavez on probation.  Subsequently, Chavez admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence but retained jurisdiction.  Chavez appeals, contending that the district court abused its discretion in revoking probation and imposing sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772

1

P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or in ordering execution of Chavez's original sentence without modification. Therefore, the order revoking probation and directing execution of Chavez's previously suspended sentence is affirmed.