# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38340

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 692 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 10, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PAMELA MILLER-REIZENSTEIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with four and one-half-year determinate term for driving under the influence of alcohol, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

PER CURIAM

Pamela Miller-Reizenstein was convicted of driving under the influence of alcohol, Idaho Code §§ 18-8004; 18-8005(5). The district court imposed a unified ten-year sentence with a six-year determinate term, suspended the sentence, and placed Miller-Reizenstein on supervised probation for five years with the condition that she complete a period of retained jurisdiction in a companion case. Subsequently, Miller-Reizenstein admitted to violating several terms of the probation, and the district court consequently revoked probation. The State presented an oral Idaho Criminal Rule 35 motion for reduction of the sentence. The district court granted the motion and ordered execution of Miller-Reizenstein's sentence, reducing the determinate term to

1

four and one-half years. Miller-Reizenstein appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Miller-Reizenstein's modified sentence. Therefore, the order revoking probation and directing execution of Miller-Reizenstein's previously suspended sentence is affirmed.