# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39496

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 630 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 11, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DONALD K. HOLTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order revoking probation and requiring execution of unified sentence of seven years, with two years determinate, for felony possession of a controlled substance, <u>affirmed</u>.

Deborah Whipple; Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

---

PER CURIAM

Donald K. Holton pled guilty to felony possession of a controlled substance. Idaho Code § 37-2732(c). The district court imposed a unified sentence of seven years, with two years determinate; however, the court suspended the sentence and placed Holton on probation. Subsequently, the State filed a motion for a bench warrant for probation violation alleging Holton violated several terms of the probation, including absconding from supervision by leaving the country, and the district court issued a bench warrant. After returning to the United States approximately eight years later, Holton admitted to violating several terms of the probation. The district court consequently revoked probation and ordered execution of Holton's original sentence. Holton filed an Idaho Criminal Rule 35 motion for reduction of sentence,

1

which the district court denied. Holton now appeals, contending the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Holton argues that all of the relevant goals of sentencing could have been accomplished with probation. However, the record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Holton has failed to show that the district court abused its discretion. Accordingly, the order revoking probation and requiring execution of Holton's previously suspended sentence is affirmed.