**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41876**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 685 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTHONY M. MENDEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order revoking probation and requiring execution of unified four-year sentence with two-years determinate term for domestic battery with traumatic injury, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Anthony M. Mendez pled guilty to domestic battery with traumatic injury. Idaho Code §§ 18-903, 18-918(2), 18-918(4). The district court imposed a unified four-year sentence with a two-years determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Mendez on supervised probation for a period of three years. Subsequently, Mendez admitted to violating several terms of the probation, and the district court continued Mendez on supervised probation.

Within two months, Mendez again admitted to violating the terms of his probation and the district court consequently revoked probation, ordered execution of the original sentence, and

1

retained jurisdiction a second time. Following his second period of retained jurisdiction, the district court suspended his sentence and reinstated his supervised probation. Mendez admitted to again violating the terms of his probation and the district court revoked his probation and ordered the underlying sentence executed. Mendez appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and in ordering execution of Mendez's original sentence. Therefore, the order revoking probation and directing execution of Mendez's previously suspended sentence is affirmed.