IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 43024

STATE OF IDAHO,                          )    2016 Unpublished Opinion No. 387
                                         )
        Plaintiff-Respondent,            )    Filed:  February 11, 2016
                                         )
v.                                       )    Stephen W. Kenyon, Clerk
                                         )
WESLEY GENE STANDLEY,                    )    THIS IS AN UNPUBLISHED
                                         )    OPINION AND SHALL NOT
        Defendant-Appellant.             )    BE CITED AS AUTHORITY
                                         )

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Order revoking probation and imposing a unified life sentence with fifteen years determinate for possession of heroin with intent to deliver, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Wesley Gene Standley appeals from the district court's order revoking probation and imposing a unified life sentence with fifteen years determinate for possession of heroin with intent to deliver.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Standley pled guilty to possession of heroin with intent to deliver, Idaho Code § 37-2732(a).  The district court gave Standley the choice between a twelve-year sentence with four years determinate and a life sentence with fifteen years determinate that would be suspended in favor of ten years of probation.  In doing so, the court emphasized the strict conditions that would be imposed on Standley if he chose probation.  The court made the following statements throughout the sentencing hearing:  "This is an all or nothing sentence for Wesl[e]y Standley;"

1

"You come back with a probation violation, you're gone. You are locked up for a long time;" "I'm not going to gamble with you;" and "I'm here to tell you, Mr. Standley, that is, in fact, a zero-tolerance probation." The court also warned him that associating with unapproved persons would violate his probation. The court stated,

> Here's the things that will get you in trouble: . . . associating with people you shouldn't associate with. I can't tell you the number of times I see defendants come back in here, they've run into [an] old buddy, just like that. That's your choice. Your probation officer has the authority to tell you who not to associate with. They can't monitor you twenty-four hours a day. You've got to have the intelligence to know that if you put yourself back into that kind of environment, it's just going to be a matter of time.

Despite the court's admonitions, Standley chose probation.

Item (24) of the general conditions of Standley's probation agreement provided, "The Defendant shall not associate with any person(s) designated by any agent of IDOC [the Idaho Department of Correction]." Special condition (e) of the probation agreement stated, "The defendant shall complete the Suboxone program that he is currently enrolled in through Dr. [D.R.H.'s] office. If the defendant quits the program prior to the completion date as recommended by Dr. [D.R.H.], such conduct shall constitute a probation violation." General condition (15) required that Standley "meaningfully participate" in the Suboxone program.

The State subsequently charged Standley with two probation violations, alleging that he had unapproved contact with Danielle Schreiner and Matt Lewis, both known felons under IDOC supervision, and failed to participate in and complete his treatment program by neglecting to take his Suboxone medication as prescribed. Standley conceded that there was unapproved contact with Danielle Schreiner and that this contact violated item (24) of the general conditions of his probation agreement. The court found Standley knew Schreiner was a felon under IDOC supervision and his contact with her was a willful violation of his probation. The court also found that Standley's failure to take his Suboxone medication, as prescribed, violated special condition (e) of his probation agreement. Accordingly, the court revoked Standley's probation and imposed his underlying sentence. Standley timely appeals.

## II.

## ANALYSIS

Standley argues the district court abused its discretion by revoking probation and imposing his underlying sentence. He also argues there was not sufficient evidence that he violated special condition (e) of his probation agreement.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Idaho Code § 20-222(2) provides that "the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court . . . may revoke the probation and suspension of sentence and cause the sentence imposed to be executed . . . ." Further, Idaho Criminal Rule 33(f)[1] provides:

> The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. . . . The court shall not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation.

---

[1] Effective July 1, 2015, Idaho Criminal Rule 33(e) was renumbered as I.C.R. 33(f). The current version of the rule was enacted on February 9, 2012.

Standley argues that the district court abused its discretion in revoking his probation and imposing his underlying sentence because it did not exercise reason or act consistent with applicable legal standards in reaching its decision. He asserts the court did not exercise reason in reaching its decision because text messages and a ten-minute conversation with a "drug user" alone do not "amount to a rational basis to revoke probation." He asserts the court did not act consistently with applicable legal standards by disregarding his rehabilitation and the protection of society in reaching its decision. According to Standley, the court's statement that it had no evidence he used or distributed illegal drugs while on probation shows it disregarded his rehabilitation and the protection of society in revoking probation. Further, he claims the court's assertion that he manipulated Schreiner is not supported by the record.

Standley's arguments fail because he willfully violated a condition of his probation. Standley conceded there was unapproved contact with Schreiner that violated his probation. Further, the district court found Standley knew Schreiner was a felon under IDOC supervision and his contact with her was a willful violation of his probation. Because Standley admitted his contact with Schreiner violated his probation and the court found the violation was willful, Standley's contact with Schreiner alone provided a sufficient basis to support the district court's order revoking probation and imposing his underlying sentence. Additionally, the court had made it clear to Standley that *any* violation, especially contact with unapproved persons, would violate his probation. At the sentencing hearing, the court emphasized to Standley that it would strictly enforce the terms of his probation and specifically warned him that any contact with unapproved persons would violate his probation. Considering the strictures the court placed on Standley's probation, his contact with Schreiner provided a sufficient basis for the court to revoke his probation and impose his underlying sentence. While Standley contends that there is no evidence the district court would revoke probation and execute his sentence based solely on the unapproved contact, the record belies this assertion. The district court expressly stated that unapproved contact would result in revocation. At the disposition hearing, the district court discussed, at length, the significance of the violation before revoking probation. Thus, we need not address Standley's argument that there was not sufficient evidence that he violated special condition (e) of his probation agreement. Accordingly, we hold that the district court did not abuse its discretion in revoking Standley's probation and imposing his underlying sentence.

### III.

### CONCLUSION

The district court did not abuse its discretion in revoking Standley's probation and imposing his underlying sentence. The district court's order revoking probation and imposing Standley's underlying sentence is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.