## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44756

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 532 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 2, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| REGAN MOJOK ADENG, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Regan Mojok Adeng was found guilty of felony possession of a controlled substance, Idaho Code § 37-2732(c), misdemeanor possession of a controlled substance, I.C. § 37-2732(c), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. The district court sentenced Adeng to a unified seven-year sentence, with two years determinate, for the felony possession of controlled substance, and a 180-day sentence for each of the misdemeanors with the sentences to run concurrently. Adeng filed an Idaho Criminal Rule 35 motion. Following the Rule 35 motion hearing, the district court granted the motion and placed Adeng on a period of retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Adeng on probation. Subsequently, Adeng admitted to

1

violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Adeng appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Adeng's sentence. Therefore, the order revoking probation and directing execution of Adeng's previously suspended sentence is affirmed.