# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45535/45536

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

MATTHEW WISE,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  August 21, 2018

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

___

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County.  Hon. Scott L. Wayman, District Judge.

Order revoking probation and requiring execution of a unified sentence of four years with one and one-half years determinate for aggravated assault; concurrent unified sentence of five years with two years determinate for possession of a controlled substance, underline affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

___

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

___

PER CURIAM

In Docket No. 45535, Matthew Wise pled guilty to aggravated assault.  I.C. § 18-905. The district court sentenced Wise to a unified term of four years with one and one-half years determinate, suspended the sentence, and placed Wise on supervised probation for two years. Several months later, in Docket No. 45536, Wise pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1).  In a joint disposition and sentencing hearing for both cases, the district court revoked Wise's probation and executed the underlying sentence in Docket No. 45535; imposed a concurrent unified sentence of five years with two years determinate, for

1

possession of methamphetamine in Docket No. 45536; and retained jurisdiction in both cases. Following the period of retained jurisdiction, the district court suspended Wise's sentences and placed him on supervised probation for two years.

Subsequently, Wise admitted to violating several terms of the probation and the district court continued Wise on supervised probation. Thereafter, Wise admitted to again violating the terms of his probation and the district court consequently revoked probation and ordered execution of the original sentences in both cases. Wise appeals, contending that the district court abused its discretion by revoking probation in both cases.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Wise's sentences without modification. Therefore, the order revoking probation and directing execution of Wise's previously suspended sentences is affirmed.

2