**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50893**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Respondent,**<br><br>v.<br><br>STEVEN MICHAEL KELLY,<br><br>      **Defendant-Appellant.** | )<br>)  **Filed: April 17, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Stevan H. Thompson, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    Steven Michael Kelly pled guilty to sexual battery--solicit participation of a minor child sixteen to seventeen years of age. I.C. § 18-1508A(1)(b). The district court sentenced Kelly to a unified term of twelve years, with a minimum period of confinement of five years, but after a period of retained jurisdiction, suspended the sentence and placed Kelly on probation. Subsequently, Kelly admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Kelly appeals, contending that the district court abused its discretion in revoking probation.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Kelly's sentence. Therefore, the order revoking probation and directing execution of Kelly's previously suspended sentence is affirmed.