# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51791/51792

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed:  December 18, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KYLE CHRISTOPHER MOSES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy A. Baskin, District Judge.

Orders revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In Docket No. 51791, Kyle Christopher Moses pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c).  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a unified term of seven years with two years determinate, suspended the sentence, and placed Moses on probation.  Subsequently, Moses admitted to violating the terms of the probation, and the district court reinstated probation for a period of five years.

In Docket No. 51792, Moses pled guilty to possession of a controlled substance, I.C. § 37-2732(c).  In exchange for his guilty plea, additional charges were dismissed.  The district court

1

imposed a unified term of seven years with three years determinate, suspended the sentence and placed Moses on probation for a period of five years to run concurrent with the sentence in Docket No. 51791.

The State subsequently filed reports of probation violations in both cases. Following an evidentiary hearing, the district court found that Moses had violated several conditions of his probation, including financial obligations which the district court found were not willful due to inability to pay. The district court revoked Moses's probation in both cases and retained jurisdiction. Moses appeals, contending that the district court abused its discretion by revoking probation because it considered non-willful probation violations in deciding to revoke probation and, alternatively, did not exercise reason.

Moses argues that even though the district court found three of the seven probation violations were non-willful, at the time of disposition, the district court indicated that it had found seven violations and noted that it had found the violations willful. Contrary to Moses's argument, the district court did not specifically state that it had found each of the violations to be willful. Moreover, the district court specifically discussed the four violations which were determined to be willful. The record does not support Moses's claim that the district court revoked Moses's probation based upon non-willful violations.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct

2

underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion by revoking probation. Therefore, the orders revoking probation are affirmed.