**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52091**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 26, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CYNTHIA LAGUNAS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Rosemary Emory, District Judge.

Order of the district court revoking probation, executing sentence of seven years with five years determinate for possession of a controlled substance, and denying request for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Cynthia Lagunas pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court sentenced Lagunas to a unified term of seven years with five years determinate but following a period of retained jurisdiction, suspended the sentence and placed Lagunas on probation. Subsequently, Lagunas admitted to violating the probation but requested that the district court reduce her sentence to seven years with two years determinate. The district court revoked probation and ordered execution of the original sentence without reduction.

1

Lagunas appeals arguing that the district court abused its discretion by declining to reduce her sentence when it revoked her probation and executed her underlying sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992). The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Upon review of the record, we conclude no abuse of discretion has been shown. Therefore, the district court's order revoking probation and ordering execution of Lagunas's sentence without modification is affirmed.