**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52378**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>DOMINICK ANTHONY LICARI, JR.,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  November 7, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy A. Baskin, District Judge.

Order revoking probation and execution of reduced sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Dominick Anthony Licari, Jr., pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c) and the district court imposed a unified sentence of seven years, with a minimum period of incarceration of two years, retained jurisdiction, and subsequently placed Licari on probation.  Licari thereafter admitted to violating the terms and conditions of probation; the district court revoked and reinstated Licari's probation but extended probation for a period of two years.  Licari again admitted to violating the terms and conditions of probation; the district court revoked probation, retained jurisdiction and thereafter, again placed Licari on probation.  Approximately eight months later, the State alleged Licari violated various terms and conditions of his probation.  Licari admitted to violating some of the terms of probation and the State

1

dismissed the remaining violations. The district court revoked Licari's probation; reduced Licari's sentence to a unified term of five years, with a minimum period of incarceration of two years; and ordered the execution of the previously imposed but now reduced sentence. Licari appeals, arguing the district court erred in revoking his probation; Licari does not challenge the length of the reduced and imposed sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4).

Applying the foregoing standards, and having reviewed the record, we cannot say that the district court abused its discretion in revoking Licari's probation and ordering execution of Licari's previously suspended but reduced sentence.