# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52773

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: February 2, 2026 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| NATHANIEL JONATHAN CRISWELL, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Order revoking probation and ordering execution of previously suspended sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Nathaniel Jonathan Criswell entered an *Alford*[1] plea to malicious harassment, Idaho Code § 18-7902.[2] The district court imposed a unified sentence of five years determinate, suspended the sentence, and placed Criswell on probation. Subsequently, Criswell admitted to violating terms of the probation. The district court consequently revoked probation and ordered execution of the original sentence but sua sponte reduced Criswell's sentence to a unified term of five years, with

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]    Criswell also pleaded guilty to misdemeanor assault on a law enforcement officer, Idaho Code § 18-915(1)(b), and was sentenced to credit for time served. Criswell does not challenge this sentence on appeal.

1

a minimum period of incarceration of two and one-half years. Criswell appeals, contending that the district court abused its discretion in revoking probation.[3]

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Criswell's reduced sentence. Therefore, the order revoking probation and directing execution of Criswell's reduced sentence is affirmed.

---

[3] Criswell filed an Idaho Criminal Rule 35 motion, which the district court denied. Criswell does not challenge the denial of his motion on appeal.