**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52859**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 14, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHRISTOPHER LYLE KENSLER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order revoking probation and ordering execution of underlying sentences, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Christopher Lyle Kensler pleaded guilty to aggravated assault, Idaho Code §§ 18-901(b), -905(a) and intimidating a witness, I.C. § 18-2604. In exchange for his guilty plea, additional charges were dismissed. The district court granted Kensler a withheld judgment and placed him on probation for a term of five years. Subsequently, Kensler admitted to violating the terms of his probation and the district court revoked the withheld judgment and imposed concurrent unified sentences of five years, with a minimum period of incarceration of two years, on each charge, suspended the sentences, and placed Kensler back on probation for a term of four years. Kensler again admitted to violating the terms of his probation and the district court consequently revoked probation, ordered execution of the underlying sentences, and retained

1

jurisdiction. After a period of retained jurisdiction, the district court suspended Kensler's sentences and placed him on probation for a term of two years. Kensler again admitted to violating the terms of his probation and the district court revoked probation and ordered execution of the underlying sentences. Kensler appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Kensler's sentences. Therefore, the order revoking probation and directing execution of Kensler's previously suspended sentences is affirmed.