**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45039**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 636 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 1, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JESSICA LEANNE GRUBBS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and executing original sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Jessica Leanne Grubbs pleaded guilty to felony driving under the influence of alcohol (two or more convictions within ten years), Idaho Code §§ 18-8004, -8005(6). The district court sentenced Grubbs to a unified ten-year sentence, with three years determinate, suspended the sentence and placed Grubbs on probation with the condition that she participate in drug court. Subsequently, Grubbs admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Grubbs appeals, contending that the district court abused its discretion in revoking probation and not retaining jurisdiction.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Whether to retain jurisdiction is also a matter within the sound discretion of the district court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation and ordering execution of Grubbs's sentence or by failing to retain jurisdiction. Therefore, the order revoking probation and directing execution of Grubbs's previously suspended sentence is affirmed.