# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46202

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

JAMES TODD PERRY,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  February 25, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

Order revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

James Todd Perry was found guilty of forgery, burglary, and attempted grand theft. Idaho Code §§ 18-3601, 18-401, 18-2403(1), 18-2407(1)(b), 18-2409, 18-306.  The district court sentenced Perry to concurrent unified sentences of five years with one year determinate on each count, suspended the sentences, and placed Perry on probation for a period of five years.  Over a year later, the State filed a motion for probation violation alleging that Perry had violated the terms of probation.  The district court entered an order for bench warrant for probation violation but the bench warrant was not served on Perry for two years, after which the State filed an amended motion for probation violation to add the allegation that Perry had absconded supervision.  Subsequently, Perry admitted to violating the terms of the probation by absconding

1

supervision, and the district court consequently revoked probation, ordered execution of the original sentences, and retained jurisdiction. Perry appeals, contending that the district court abused its discretion in revoking probation and executing the original sentences.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation, in ordering execution of

Perry's sentences, or retaining jurisdiction. Therefore, the order revoking probation directing execution of Perry's previously suspended sentences and retaining jurisdiction is affirmed.