**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 46283/46284/46285**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 29, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ERIC RODRIGUEZ-GONZALEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Order revoking probation, <u>affirmed</u>; judgments of conviction and concurrent unified sentences of five years with two years determinate for possession of oxycodone; seven years with three years determinate for grand theft by acquiring lost property; five years with three years determinate for criminal possession of a financial transaction card; seven years with three years determinate for possession of heroin; and five years with three years determinate for criminal possession of a financial transaction card, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

These cases are consolidated on appeal. In Docket No. 46283, Eric Rodriguez-Gonzalez pled guilty to possession of oxycodone (Idaho Code § 37-2732(c)(1)). The district court imposed a unified five-year sentence with two years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Rodriguez-Gonzalez on probation.

1

Subsequently, a report of probation violation was filed, and Rodriguez-Gonzalez admitted the violations. The district court placed him back on probation. Rodriguez-Gonzalez again admitted to violating the terms of the probation by incurring new charges of grand theft by acquiring lost property (I.C. § 18-2403(2)(c)) and criminal possession of a financial transaction card (I.C. § 18-3125) in Docket No. 46284 and possession of heroin (I.C. § 37-3732(c)(1)) and criminal possession of a financial transaction card (I.C. § 18-3125) in Docket No. 46825. The district court consequently revoked probation and ordered execution of the original sentence in Docket No. 46283. In Docket No. 46284, the district court imposed concurrent unified sentences of seven years with three years determinate for grand theft and five years with three years determinate for criminal possession of a financial transaction card. In Docket No. 46285, the district court imposed concurrent unified sentences of seven years with three years determinate for possession of heroin and five years with three years determinate for criminal possession of a financial transaction card. The district court ordered all of the sentences to be served concurrently. Rodriguez-Gonzalez appeals, contending that the district court abused its discretion in revoking probation in Docket No. 46283 and that the sentences in Docket Nos. 46284 and 46285 are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v.*

2

*Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or by imposing excessive sentences. Therefore, the order revoking probation in Docket No. 46283 and Rodriguez-Gonzalez's judgments of conviction and sentences in Docket Nos. 46284 and 46285 are affirmed.