# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51372/51373/51374

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: May 5, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| BRITANY LEE HUGGINS, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Lamont C. Berecz, District Judge.

Orders revoking probation and executing previously suspended sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 51372, Britany Lee Huggins pled guilty to possession of a controlled substance.[1] Idaho Code § 37-2732(c)(1). In exchange for her guilty plea, additional charges were dismissed including an allegation that she is a persistent violator. The district court sentenced Huggins to a unified term of four years, with a minimum period of confinement of two years. However, the district court suspended the sentence and placed Huggins on a period of probation for two years. Subsequently, Huggins admitted to violating the

---

[1]     Huggins also plead guilty to reckless driving, I.C. § 49-1401(1). Huggins does not appeal from that judgment of conviction and sentence.

1

terms of probation. Consequently, the district court revoked probation, ordered execution of the previously suspended sentence, and retained jurisdiction.

In Docket No. 51373, Huggins pled guilty to two counts of possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for her guilty plea, additional charges were dismissed including an allegation that she is a persistent violator. The district court sentenced Huggins to concurrent, unified terms of five years, with minimum periods of confinement of two years, and retained jurisdiction.

In Docket No. 51374, Huggins pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for her guilty plea, additional charges were dismissed including an allegation that she is a persistent violator. The district court sentenced Huggins to a unified term of five years, with a minimum period of confinement of two years, and retained jurisdiction.

After the period of retained jurisdiction, the district court suspended the sentences and placed Huggins on probation in all three cases. Subsequently, Huggins admitted to violating the terms of probation and the district court consequently revoked probation and ordered execution of the suspended sentences in all three cases. Huggins filed an Idaho Criminal Rule 35 motion in all three cases; however, the district court denied the motions.[2] Huggins appeals, contending that the district court abused its discretion by revoking probation and executing the underlying sentences in all three cases.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under

---

[2]     On appeal, Huggins does not challenge the district court's denial of her Rule 35 motions for reduction of sentence.

2

I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment.  *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009).  We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation.  *Id.*  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation and order of execution issues which are properly made part of the record on appeal.  *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Huggins's sentences.  Therefore, the orders revoking probation and directing execution of Huggins's previously suspended sentences are affirmed.