# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52562

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 27, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARLA K. SHAFFER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Michelle M. Evans, District Judge.

Order revoking probation and executing previously suspended sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

_____

PER CURIAM

Marla K. Shaffer pled guilty to destruction, alteration, or concealment of evidence, Idaho Code § 18-2603. In exchange for her guilty plea, additional charges were dismissed. The district court sentenced Shaffer to a unified term of four years, with a minimum period of confinement of two years; however, the district court suspended the sentence and placed Shaffer on probation for three years. Subsequently, Shaffer admitted to violating the terms of probation, and the district court consequently revoked probation, ordered execution of the original sentence and retained jurisdiction. Shaffer appeals, contending that the district court abused its discretion in revoking probation and retaining jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324,

1

325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Shaffer's sentence. Therefore, the order revoking probation and directing execution of Shaffer's previously suspended sentence is affirmed.