# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52567 & 52568

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 16, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| COLTON JEB ASH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Steven W. Boyce, District Judge.

Orders revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In Docket No. 52567, Colton Jeb Ash pled guilty to grand theft. I.C. § 18-2403(1). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Ash to a unified term of six years, with a minimum period of confinement of three years. The district court suspended the sentence and placed Ash on probation.

In Docket No. 52568, Ash pled guilty to grand theft. I.C. § 18-2403(1). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Ash to a unified term of seven years, with a minimum period of confinement of three years, to be served concurrently with his sentence in Docket No. 52567. As a result of this guilty plea, Ash also

1

admitted to violating the terms of his probation in Docket No. 52567. The district court revoked probation and ordered execution of Ash's sentence. The district court retained jurisdiction in both cases and sent Ash to participate in the rider program. Following completion of his rider, the district court suspended the sentences and placed Ash on probation. Numerous times Ash admitted to violating the terms of his probation, and the district court continued him on probation.

Subsequently, Ash admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Ash appeals, contending that the district court abused its discretion in revoking his probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Ash's sentences. Therefore, the orders revoking probation and directing execution of Ash's previously suspended sentences are affirmed.