# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52471

<table>
<tr><td>

STATE OF IDAHO,

      **Plaintiff-Respondent,**

v.

ROBERTO MARTINEZ,

      **Defendant-Appellant.**

</td><td>

)<br>
)  **Filed:  March 4, 2026**<br>
)<br>
)  **Melanie Gagnepain, Clerk**<br>
)<br>
)  **THIS IS AN UNPUBLISHED**<br>
)  **OPINION AND SHALL NOT**<br>
)  **BE CITED AS AUTHORITY**<br>
)<br>
)

</td></tr>
</table>

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County.  Hon. Jonathan P. Brody, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

---

PER CURIAM

Roberto Martinez pled guilty to driving under the influence, Idaho Code § 18-8005(9).  The district court sentenced Martinez to a unified term of ten years, with a minimum period of confinement of four years; however, the district court suspended the sentence and placed Martinez on probation.  Subsequently, Martinez admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence.[1]  Martinez

---

[1]    Martinez filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied.  On appeal, Martinez does not challenge the district court's denial of his Rule 35 motion.

1

appeals, contending that the district court abused its discretion in revoking probation rather than retaining jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Martinez's sentence. Therefore, the order revoking probation and directing execution of Martinez's previously suspended sentence is affirmed.