# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52132

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

BERLE AARON CULLUM, JR.,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 23, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Order revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Berle Aaron Cullum, Jr. pled guilty to forgery, Idaho Code § 18-3601. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Cullum to a unified term of ten years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Cullum on probation. In 2015, Cullum admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence, but after a second period of retained jurisdiction, suspended the sentence and placed Cullum on probation. In 2024, Cullum again admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence. Cullum appeals, contending that the district court abused its

1

discretion in revoking probation without any reduction of his sentence rather than reinstating probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation and order of execution issues which are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Cullum's sentence without modification. Therefore, the order revoking probation and directing execution of Cullum's previously suspended sentence is affirmed.